MARYLAND CASUALTY CO., A CORPORATION, PLAINTIFF,
v. HANSEN-JENSEN, INC., A CORPORATION, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided January 20, 1951.

*Mr. Newton H. Porter, Jr.,* for the plaintiff (*Messrs. Porter & Hobart,* attorneys).

*Mr. John F. Ryan* for the defendant (*Messrs. Ryan & Saros,* attorneys).

COLIE, J. S. C.  This matter comes before the court on a stipulation of facts between counsel and on briefs for determination by the court, sitting without a jury.  In January, 1941, Levy Bros. of Elizabeth, N. J., Inc., entered into a written contract with Hansen-Jensen, Inc., under which the latter was to make alterations and repairs to the building of the former.  Hansen-Jensen, Inc., agreed to furnish Levy Bros. with a contractor's performance bond and to that end executed an application for such bond to be written by Maryland Casualty Co., the present plaintiff, and on the basis of the aforesaid application, the contractor's performance bond was written by Maryland Casualty Co.  In 1942 Levy Bros. brought suit against Hansen-Jensen, Inc., and Maryland Casualty Co. for damages allegedly arising from the improper performance of the work called for under the contract between Levy Bros. and Hensen-Jensen, Inc.  The trial of the above suit resulted in a judgment in favor of Hansen-Jensen, Inc., and Maryland Casualty Co. in the suit of Levy Bros. and a judgment against Levy Bros. on the counterclaim filed by Hansen-Jensen, Inc.

Maryland Casualty Co. retained Joseph Coult of the firm of Coult, Satz, Morse & Coult to protect its interests in that suit, and at the conclusion of the litigation Mr. Coult's firm rendered a bill of $1,809.75 to Maryland Casualty Co., whereupon Maryland Casualty Co. made demand upon the present defendant to pay the amount of the bill to it. The defendant, Hansen-Jensen, Inc., refused to do so and the present suit was instituted by Maryland Casualty Co. to recover that amount. The claim is based upon the terms of the indemnity agreement which is part of the application for the contractor's performance bond, written by the Maryland Casualty Co. The application was signed by an authorized representative of the defendant and so far as pertinent, reads as follows:

"SECOND: The undersigned will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against any and all liability for damages, loss, costs, charges and expenses of whatever kind or nature (including counsel and attorney's fees), which the Company shall or may, at any time, sustain or incur by reason or in consequence of having executed the bond(s) herein applied for, * * *; and will pay over, reimburse and make good to the Company * * * all money which the Company * * * shall pay or cause to be paid, or become liable to pay, by reason of the execution of any such instruments, or in connection with any litigation, investigation or other matters connected therewith * * *."

"THIRD. The undersigned does hereby further agree to indemnify the said The Maryland Casualty Company against any suit or claim brought or instituted against said Company, whether such suit or claim be rightfully or wrongfully brought or instituted, and in case suit shall be brought upon said bond(s) the Surety shall be at liberty to employ an attorney of its own selection to appear and defend the suit in its behalf at the expense of the undersigned."

There are no disputed facts and the question before the court is one of interpretation of the indemnity agreement as set forth in the second and third clauses thereof. The briefs submitted herein cite no case either in New Jersey or elsewhere which involves the interpretation of a contract of indemnity in the precise language of the contract now under consideration, and because of that fact, the court is of the opinion that no one of the cited cases is controlling.

When the complaint in Levy Bros. against Hensen-Jensen, Inc., and Maryland Casualty Co. was served upon the latter,

it wrote Hansen-Jensen, Inc., on July 7, 1941, that in accordance with the indemnity agreement to save Maryland Casualty Co. harmless "We hereby tender to you the defense of this action on behalf of Maryland Casualty Company and shall look to you to save us harmless from any loss, cost or expense of whatsoever nature, including legal fees," to which Hansen-Jensen, Inc., replied that "In the event that the above matter is taken to court, we will provide your company with our legal talent at our cost." Thereafter, on July 16, 1941, Maryland Casualty Co. wrote to Mr. J. F. Dailey, an attorney of Hansen-Jensen, Inc.'s selection, as follows: "You are hereby authorized to appear on behalf of the Maryland Casualty Company, in the above captioned case and protect our interests. It is, of course, understood that you will look to Hansen-Jensen, Inc., our principal, for payment of your legal services rendered in this case." From July, 1941, until February 11, 1947, when the 13-day trial of the suit of *Levy Bros. v. Hansen-Jensen, Inc., et al.,* ended, Mr. Joseph Coult and Mr. J. F. Dailey cooperated in conferences with reference to the preparation of the pleadings, in preparation for trial and in the trial itself.

An examination of the second clause quoted above indicates it to be in broad language, and by its terms Hansen-Jensen, Inc., is under an absolute liability to reimburse the Maryland Casualty Co. for all "damage, loss, costs, charges and expenses of whatsoever kind and nature * * * by reason of or in consequence of having executed the bond(s) herein applied for * * *." This broad and sweeping language would obligate the defendant herein to reimburse the plaintiff for all expense paid or incurred, providing only that said amount had a reasonable connection with the legal consequences arising out of the execution of the contractor's performance bond. The third paragraph by its terms is an agreement "further * * * to indemnify." The use of the language "further * * * to indemnify" would seem, at first blush, to create a greater liability upon the present defendant than that already imposed under the second clause but it does not in anywise broaden the extent of the indemnification provided

for in the second clause above quoted. In the third clause appears the language "and in case suit shall be brought upon said bond(s) the Surety shall be at liberty to employ an attorney of its own selection to appear and defend the suit in its behalf at the expense of the undersigned."

This language can only mean that Maryland Casualty Co. as surety had the right to employ counsel of its own selection to appear in the case as attorney of record for it and to defend its interests, if it desired so to do. Exhibit P-2 annexed to the stipulation of facts is a letter written by A. J. Sanders, Supervisor, on the stationery of Maryand Casualty Co., addressed to J. F. Dailey, in which Maryland Casualty Co. authorized Mr. Dailey to appear on behalf of it and protect its interests, on the understanding that he was to look to Hansen-Jensen, Inc., for payment of his bill for legal services. From the date of that letter until the termination of the suit of Levy Bros. against Hansen-Jensen, Inc., and Maryland Casualty Co., six and a half years later, Mr. Dailey conducted the litigation, assisted by Mr. Coult, with no suggestion of a repudiation of the statement contained in that letter authorizing him to appear on behalf of the Maryland Casualty Co.

In determining the meaning of a written contract, it is essential to ascertain the intent of the parties and once that intent has been found, to so interpret the contract as to effectuate the intent, and a sound and practical guide is to ascertain the meaning which the parties by their conduct have given to the contract and to construe it in accordance therewith. *Independent Directory Corp. v. Sherman Industrial Electronics Co.,* 6 *N. J. Super.* 32 (*App. Div.* 1949). The fact that Mr. Dailey in July, 1941, was authorized to appear on behalf of Maryland Casualty Co. to protect its interests, coupled with the fact that for six and a half years thereafter the interests of the Maryland Casualty Co. were represented by him as its attorney of record is indicative, indeed dispositive, in the court's mind as to the meaning that the Maryland Casualty Co. placed upon the third clause in the indemnity agreement. In authorizing Mr. Dailey to appear and defend the suit, Maryland Casualty Co. as surety exercised the privi-

lege accorded to it under the third clause "to employ an attorney of its own selection to appear and defend the suit in its behalf at the expense of the undersigned" (Hansen-Jensen, Inc.).

In accordance with the views hereinabove expressed, judgment is entered in favor of the defendant and against the plaintiff.